UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE J. TWITTY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GEORGE BUSH, *et al.*, )<br>)<br>Defendants. )<br> ) | Civil Action No. 05-0198 (EGS)<br>Document No.  1 |

MEMORANDUM OPINION

This action, brought *pro se* by a federal prisoner, is before the Court on review of the complaint pursuant to 28 U.S.C. § 1915A.  Under that statute, the Court is required to screen a prisoner action and to dismiss it as soon as feasible upon a determination that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from officials who are immune from such relief.  Although it appears that any one or all of these grounds may apply here, the Court will dismiss the complaint for the two latter reasons.

Plaintiff sues, among other individuals, President George W. Bush, former Chief Justice William H. Rehnquist, all of the associate justices of the Supreme Court and a number of federal judges, United States senators and congressmen, United States attorneys, FBI officials, Bureau of Prison officials, and Connecticut legislators and high-level officials.  His list of named defendants sued "all in their individual capacities" runs four pages long. Plaintiff sues under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*., and *Bivens v. Six Unknown Named Agents of Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971).  Except for a possible claim discussed below, the gravamen of the complaint is a challenge to plaintiff's conviction.  *See* Complaint at 6-11.  Plaintiff implicates the judicial defendants, the United States attorneys, and the FBI officials for alleged actions taken in their official capacities during his criminal prosecution.  He implicates the remaining defendants for allegedly failing to investigate his claims of illegal confinement based on the alleged unconstitutional prosecution.   Plaintiff seeks damages exceeding $1 billion.

Presidents, judges, prosecutors, and legislators are absolutely immune from lawsuits seeking damages for acts, as alleged here, taken in their official capacities.  *See Nixon v. Fitzgerald*, 457 U.S. 731 (1982); accord *Clinton v. Jones*, 520 U.S. 681 (1997) (presidents); *Mirales v. Waco*, 502 U.S. 9 (1991) (judges); *Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutors); *Dombrowski v. Eastland*, 387 U.S. 82 (1967) (legislators).  As for the defendants not so protected, plaintiff's damages claim is precluded because his success on the merits of the complaint would render his conviction invalid.  He therefore cannot recover damages under *Bivens* or the RICO statute[1] without first establishing that his conviction has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Plaintiff has made no such showing here.

---

[1] Plaintiff has not stated a RICO claim.  "A RICO conspiracy plaintiff must allege injury from an act that is analogous to an 'act of a tortious character' . . . meaning an act that is independently wrongful under RICO."  *Beck v. Prupis*, 529 U.S. 494, 505, 120 S.Ct. 1608, 1616 (2000) (quoting 4 Restatement (Second) of Torts § 876, Comment b).  Plaintiff's allegations do not establish the predicate prohibited activity of the RICO statute.  *See* 18 U.S.C. § 1962. "[I]njury caused by an overt act that is not an act of racketeering or otherwise wrongful under RICO . . . is not sufficient to give rise to a cause of action under § 1964(c) for a violation of § 1962(d)." *Beck*, 529 U.S. at 505; *see also Canady v. Providence Hospital*, 903 F. Supp. 125, 127 (D.D.C. 1995).

3

Buried within the complaint is an allegation that plaintiff was "assaulted by BOP and DOC defendants, all while protesting his innocence" and was deprived of medical attention. Complaint at 11. To the extent that plaintiff presents a separate claim on these alleged facts, he has not stated a claim against the named defendants insofar as he does not allege that they personally participated in the alleged wrongdoing. Moreover, plaintiff has not stated where the events occurred. The Court assumes, however, that they occurred at plaintiff's place of confinement. At the time he initiated this action, plaintiff was confined in Connecticut. His current address of record is the Edgefield Correctional Institution in Edgefield, South Carolina. In either case, this venue appears to be improper for litigating such a claim. *See* 28 U.S.C. § 1391(b) (designating the proper venue as either the location of the defendants if they all reside in the same state or where a substantial part of the events occurred, or if neither applies, where any defendant may be found). The claim is too vague to warrant transferring it to a different venue. *See* 28 U.S.C. § 1406. In the absence of an adjudication on the merits, plaintiff is free to refile this claim in the appropriate judicial district.

For the reasons stated, the Court, acting *sua sponte*, dismisses the complaint in its entirety. A separate Order accompanies this Memorandum Opinion.

SIGNED:     EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

DATE: December 21, 2005